UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 0 2 2003

LAWRENCE K. BAERMAN, CLERK
ALBANY

BRENDA MIHALIC, as Personal Representative
of the Estate of RYAN L. JOHNSON, Deceased,
Individually and behalf of next of kin,

                    Plaintiff,

v.

KMART OF AMSTERDAM, NY DISTRIBUTION
CENTER, INC., H+M COMPANY, INC.,
SIEMENS DEMATIC CORP., and
R. L. TORBECK  INDUSTRIES INC.

                    Defendants.
--------------------------------------------------------------x

Index No.

**03 -CV- 0674**

**COMPLAINT**

Plaintiff Demands
a Trial by Jury **DNH / DEP**

Plaintiff, BRENDA MIHALIC, as Personal Representative Of the Estate of RYAN L.

JOHNSON, Deceased, individually and behalf of his next of kin, through her attorneys, The Law

Firm of Aaron J. Broder & Jonathan C. Reiter, respectfully alleges as follows:

### JURISDICTION AND VENUE

1.  Jurisdiction exists pursuant to 28 U.S.C. §§ 1332 and 1367.

2.  Plaintiff, BRENDA MIHALIC, is the Personal Representative of the Estate of RYAN

L. JOHNSON, deceased.

3.  Plaintiff, BRENDA MIHALIC, the mother of the decedent, RYAN L. JOHNSON, is

and has at all times mentioned herein been a domiciliary of the state of Pennsylvania.

4.  At the time of his death, the decedent was a domiciliary of the state of Pennsylvania.

5.  On May 10, 2002, while working on the construction of a warehouse, the decedent,

RYAN L. JOHNSON, fell from metal decking at the K-Mart Distribution Center near Florida,

New York, and later died from his injuries

6.   Upon information and belief, at all times hereinafter mentioned, and at the time of the occurrences herein, defendant, KMART OF AMSTERDAM, NY DISTRIBUTION CENTER, INC. (hereinafter "KMART") was and is a foreign corporation duly organized and existing under the laws of Michigan, which was authorized to do business in the State of New York, and/or was transacting and/or conducting business in the State of New York.

7.   Upon information and belief, at all times hereinafter mentioned, and at the time of the occurrences herein, defendant, SIEMENS DEMATIC CORP. (hereinafter "SIEMENS") was and is a domestic corporation duly organized and existing under the laws of New York, whose principal place of business is in Michigan.

8.   Defendant SIEMENS is the successor corporation to MANNESMANN DEMATIC RAPISTAN CORP.   Every reference herein to SIEMENS is a reference to MANNESMANN DEMATIC RAPISTAN CORP.

9.   Upon information and belief, at all times hereinafter mentioned, and at the time of the occurrences herein, defendant, H+M COMPANY, INC. (hereinafter "H+M") was and is a foreign corporation duly organized and existing under the laws of Tennessee, which was authorized to do business in the State of New York, and/or was transacting and/or conducting business in the State of New York.

10.   Upon information and belief, at all times hereinafter mentioned, and at the time of the occurrences herein, defendant, R. L. TORBECK INDUSTRIES INC. (hereinafter "TORBECK") was and is a foreign corporation duly organized and existing under the laws of Ohio, which was authorized to do business in the State of New York, and/or was transacting and/or conducting business in the State of New York.

11.   The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

12.   Venue is founded upon 28 U.S.C. § 1391 (a) and/or (b).

2

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR WRONGFUL DEATH UNDER
## §240(1) OF THE LABOR LAW

13.    Upon information and belief, at all times herein relevant, the Defendant KMART leased , controlled, managed, and operated the land and warehouse premises known as the Kmart Distribution Center  ("premises" or "warehouse" or "warehouse premises") located on New York State Route 5S, in the Town of Florida, New York near Amsterdam, New York.

14.    Upon information and belief, at all times herein relevant, KMART engaged H+M, as the general contractor to commence and complete the erecting, repairing, altering, painting, cleaning, pointing, expanding, or upgrading of the warehouse premises.

15.    Upon information and belief, H+M had direct control over the construction of the warehouse and all of the contractors, subcontractors and vendors.

16.    Upon information and belief, and at times herein relevant, the KMART engaged SIEMENS to install a conveyer belt system within the warehouse.

17.    Upon information and belief, Defendant SIEMENS had direct control over the construction of the conveyer system and all subcontractors and the installation of all parts of the conveyor system.

18.    Upon information and belief, and at all times herein relevant, Defendant SIEMENS engaged defendant TORBECK to install a part of the conveyer system including metal decking.

19.    Upon information and belief, TORBECK had direct control of the installation of part of the conveyer system and metal decking.

20.    Upon information and belief, SIEMENS had direct control of all activities of TORBECK and its agents, employees and subcontractors, vendors and vendees.

21.     Upon information and belief, TORBECK engaged Warehouses By Design, Inc. ("WBD") to install part of the conveyor system and metal decking.

22.     Upon information and belief, KMART, H+M, TORBECK and SIEMENS each had direct control over WBD's activities in the installation and construction of a portion of the conveyor system and metal decking.

23.     At all times herein relevant, Plaintiff's decedent, RYAN L. JOHNSON, was employed by a WBD as a welder.

24.     KMART, H+M, SIEMENS and TORBECK each had direct control over plaintiff's decedent RYAN JOHNSON.

25.     On May 10, 2002 while decedent was engaged in his employment in and about the Kmart Distribution Center near Amsterdam, New York and while installing metal decking and pipe railing system, decedent fell approximately 30 feet to the floor.

26.     At all times hereinafter mentioned and at the time of the occurrences herein, the defendants, KMART, as lessee of the aforedescribed premises, H+M, as general contractor and agent , SIEMENS, as subcontractor, vendor, and agent and TORBECK, as subcontractor, vendor and agent,  and all of their agents, servants and employees, had certain duties imposed upon them by section 240(1) of the Labor Law, including but not limited to the requirement that all areas in which construction, renovation and/or demolition is being performed shall be so constructed, shored, braced, scaffolded, equipped, guarded, arranged, operated and conducted with safety devices so as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.

21.     On or about May 10, 2002, the plaintiff's decedent, RYAN L. JOHNSON, was in the course of his employment as a laborer at the aforesaid premises, and was engaged in

construction, renovation and/or demolition work on an elevated floor, at which time he was proximately caused to fall thirty feet to the floor

27.    The defendants, KMART, as lessee of the aforedescribed premises, H+M, as general contractor, SIEMENS, as subcontractor and vendor and TORBECK, as subcontractor and vendor,  and all of their agents, servants and employees, violated section 240(1) of the Labor Law, in failing and neglecting to keep and maintain the aforesaid construction, renovation and/or demolition site in accordance with the statute and regulations promulgated thereunder; in that they failed to provide the plaintiff with a safe place to  work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with a hazard- free hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site, nor was such equipment or apparatus secured and/or braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with a hazard-free hoist, scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to allow hazard-free movement or workers between floors, nor was such equipment or apparatus secured and/or braced so as to prevent the plaintiff from falling from same; provided an improperly installed hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site; provided and improperly installed scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to, allow hazard-free movement or workers between floors; provided an unsafe hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site; provided an unsafe hoist, scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to allow hazard-free movement or workers

5

between floors; failed to provide the plaintiff with proper and approved safety devices to prevent

plaintiff from falling from the metal decking of the warehouse; failed to provide the plaintiff

with safety belts, safety ropes, safety harnesses, hardhats or other protective and/or safety

devices; failed to provide the plaintiff with netting and/or other devices so as to prevent the

plaintiff from falling from the third and/or fourth floors; failed to provide proper and adequate

scaffolding properly installed, erected, equipped and maintained so as to allow safe movement

by workers between floors and so as to prevent the plaintiff from falling from the third and/or

fourth floors; failed to properly control, direct and/or supervise the installation or construction of

the scaffolding, stairs, hoist, crane or derrick on the premises; violated the applicable provisions

of the Labor Law of the State of New York and the Industrial Code of the State of New York;

failed to provide the plaintiff with proper safety devices so as to afford proper protection to the

plaintiff lawfully working thereat; violated the applicable provisions of the Occupational Safety

& Health Administration rules and regulation as they pertain to construction and/or demolition;

failed to inspect the work site and work areas on the date of the accident and prior thereto to see

that the work area contained proper and approved safety devices and working areas; failed to

insure that plaintiff and other workers lawfully upon the work site were properly trained in safety

procedures as required by the applicable statute(s) and code(s) as aforesaid and/or that the

personnel supervising the workers were so trained and/or failed to have present upon the work

site a person or person(s) so trained in proper safety procedures to supervise and/or instruct

workers working at the warehouse premises;  in failing to so construct, shore, equip, brace,

support, guard, arrange, conduct and operate all areas in which construction, renovation and/or

demolition work was being performed in an elevated area, so as to provide reasonable and

adequate protection and safety to the plaintiff's decedent; in failing to proceed with construction,

renovation and/or demolition work in an elevated worksite in a reasonably safe manner; in failing to make adequate inspections; in failing to use and employ adequate safety personnel; in failing to have and enforce adequate safety rules and regulations; in departing from accepted standards and practices in the field of construction, renovation and/or demolition work; in causing and permitting the plaintiff's decedent to be engaged in construction, renovation and/or demolition in an unsafe and dangerous elevated workplace; in causing and permitting the plaintiff to be engaged in construction, renovation and/or demolition, without adequate assistance, and under dangerous circumstances; in causing and allowing the plaintiff to work in an elevated worksite without proper protection; in failing to provide appropriate safety devices; in causing and allowing plaintiff's decedent to work on elevated floors that were improperly braced, scaffolded, supported and weak; in failing to provide and/or erect safety devices necessary to protect the plaintiff's decedent from an accident in an elevated worksite; in causing a gravity related accident;  in exposing plaintiff's decedent to danger and hazardous working conditions; in exposing plaintiff's decedent to danger and hazardous working conditions which were reasonably foreseeable under the circumstances; in failing to perform continuing inspections to detect hazards resulting from lack of railing and support; in causing and permitting the plaintiff to work in an elevated area where hazards existed resulting from lack of railing and support; in failing to eliminate the hazards where the plaintiff's decedent was suffered and permitted to work; in failing to have, use and employ necessary bracing, scaffolding, shoring and equipment; in failing to comply and in violating the following sections of the Industrial Code of the State of New York: §12 NYCRR 23-1.5 et seq, §12 NYCRR 23-1.7 et seq., §12 NYCRR 23-3.3 et seq., §12 NYCRR 23-1.8 et seq., §12 NYCRR 23-1.15 et seq, §12 NYCRR 23-1.16 et seq., §12 NYCRR 23-1.17 et seq.,§12 NYCRR 23-1.25 et seq., 23-1.32 et seq., §12 NYCRR 23-

2.3 et seq., 23-5.1 et seq., §12 NYCRR 26-5.8 et seq., 23-6.1 et seq., §12 NYCRR 23-7.1 et

seq.,§12 NYCRR 23-7.2 et seq., and in otherwise violating the statute and regulations

promulgated thereunder.

      28.     Due to the violations of section 240(1) of the Labor Law, and the negligence of

each of the defendants, and each of the agents, servants and employees acting on their behalf, as

aforesaid, the plaintiff's decedent, RYAN L. JOHNSON, was proximately caused to die on May

10, 2002.

      29.     The decedent left him surviving his mother, the plaintiff.

      30.     As a direct and proximate result of the foregoing, the heirs, next of kin and

distributees of the decedent's estate, represented by the plaintiff, BRENDA MIHALIC, as

Personal Representative of the Estate of RYAN L. JOHNSON, Deceased, Individually and

behalf of next of kin, was caused to sustain pecuniary losses, loss of income, loss of support and

loss of inheritance, loss of society, loss of love, loss of services, loss of nurture, care and

guidance, and suffered mental anguish, grief and emotional pain and suffering, moral damages,

and were caused to incur other necessary and reasonable expenses as a result of the decedent's

death, including, but not limited to, funeral and burial costs, and were otherwise damaged.

      31.     Due to the wrongful death of the decedent as aforesaid, the plaintiff was caused to

incur expenses arising therefrom, sustain economic damages and pecuniary losses, and the loss

of companionship, affection and services.

      32.     The limited liability provisions of CPLR 1601 et seq. do not apply to the causes of

action of the plaintiff because the exceptions to those provisions contained in CPLR 1602 are

applicable.

33.    Because of the foregoing, the plaintiff, and the next of kin, have been damaged in the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR CONSCIOUS PAIN AND SUFFERING
### UNDER §240(1) OF THE LABOR LAW

34.    The plaintiff repeats, reiterates and realleges each and every paragraph above with the same force and effect as if fully set forth herein at length.

35.    On or about May 10, 2002, the plaintiff's decedent, RYAN L. JOHNSON was in the course of his employment as a welder at the aforesaid premises, and was engaged in construction, renovation and/or demolition work on an elevated floor, at which time he was proximately caused to be fall thirty feet to the floor.

36.    The defendants, KMART, as lessee of the aforedescribed premises, H+M, as general contractor and agent , SIEMENS, as subcontractor, vendor, and agent and TORBECK, as subcontractor, vendor and agent,  and all of their agents, servants and employees, violated section 240(1) of the Labor Law, in failing and neglecting to keep and maintain the aforesaid construction, renovation and/or demolition site in accordance with the statute and regulations promulgated thereunder; in that they failed to provide the plaintiff with a safe place to  work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with a hazard- free hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site, nor was such equipment or apparatus secured and/or braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with a hazard-free hoist, scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to allow hazard-free movement or workers between floors, nor was such equipment or apparatus secured and/or braced so as to

9

prevent the plaintiff from falling from same; provided an improperly installed hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site; provided and improperly installed scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to, allow hazard-free movement or workers between floors; provided an unsafe hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site; provided an unsafe hoist, scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to allow hazard-free movement or workers between floors; failed to provide the plaintiff with proper and approved safety devices to prevent plaintiff from falling from the metal decking of the warehouse; failed to provide the plaintiff with safety belts, safety ropes, safety harnesses, hardhats or other protective and/or safety devices; failed to provide the plaintiff with netting and/or other devices so as to prevent the plaintiff from falling from the third and/or fourth floors; failed to provide proper and adequate scaffolding properly installed, erected, equipped and maintained so as to allow safe movement by workers between floors and so as to prevent the plaintiff from falling from the third and/or fourth floors; failed to properly control, direct and/or supervise the installation or construction of the scaffolding, stairs, hoist, crane or derrick on the premises; violated the applicable provisions of the Labor Law of the State of New York and the Industrial Code of the State of New York; failed to provide the plaintiff with proper safety devices so as to afford proper protection to the plaintiff lawfully working thereat; violated the applicable provisions of the Occupational Safety & Health Administration rules and regulation as they pertain to construction and/or demolition; failed to inspect the work site and work areas on the date of the accident and prior thereto to see that the work area contained proper and approved safety devices

and working areas; failed to insure that plaintiff and other workers lawfully upon the work site were properly trained in safety procedures as required by the applicable statute(s) and code(s) as aforesaid and/or that the personnel supervising the workers were so trained and/or failed to have present upon the work site a person or person(s) so trained in proper safety procedures to supervise and/or instruct workers working at the warehouse premises; in failing to so construct, shore, equip, brace, support, guard, arrange, conduct and operate all areas in which construction, renovation and/or demolition work was being performed in an elevated area, so as to provide reasonable and adequate protection and safety to the plaintiff's decedent; in failing to proceed with construction, renovation and/or demolition work in an elevated worksite in a reasonably safe manner; in failing to make adequate inspections; in failing to use and employ adequate safety personnel; in failing to have and enforce adequate safety rules and regulations; in departing from accepted standards and practices in the field of construction, renovation and/or demolition work; in causing and permitting the plaintiff's decedent to be engaged in construction, renovation and/or demolition in an unsafe and dangerous elevated workplace; in causing and permitting the plaintiff to be engaged in construction, renovation and/or demolition, without adequate assistance, and under dangerous circumstances; in causing and allowing the plaintiff to work in an elevated worksite without proper protection; in failing to provide appropriate safety devices; in causing and allowing plaintiff's decedent to work on elevated floors that were improperly braced, scaffolded, supported and weak; in failing to provide and/or erect safety devices necessary to protect the plaintiff's decedent from an accident in an elevated worksite; in causing a gravity related accident;  in exposing plaintiff's decedent to danger and hazardous working conditions; in exposing plaintiff's decedent to danger and hazardous working conditions which were reasonably foreseeable under the circumstances; in failing to perform

continuing inspections to detect hazards resulting from lack of railing and support; in causing

and permitting the plaintiff to work in an elevated area where hazards existed resulting from lack

of railing and support; in failing to eliminate the hazards where the plaintiff's decedent was

suffered and permitted to work; in failing to have, use and employ necessary bracing,

scaffolding, shoring and  equipment; in failing to comply and in violating the following sections

of the Industrial Code of the State of New York: §12 NYCRR 23-1.5 et seq, §12 NYCRR 23-1.7

et seq., §12 NYCRR 23-3.3 et seq., §12 NYCRR 23-1.8 et seq., §12 NYCRR 23-1.15 et seq, §12

NYCRR 23-1.16 et seq., §12 NYCRR 23-1.17 et seq.,§12 NYCRR 23-1.25 et seq., 23-1.32 et

seq., §12 NYCRR 23-2.3 et seq., 23-5.1 et seq., §12 NYCRR 26-5.8 et seq., 23-6.1 et seq., §12

NYCRR 23-7.1 et seq.,§12 NYCRR 23-7.2 et seq., and in otherwise violating the statute and

regulations promulgated thereunder.

37.     Due to the aforesaid violations of section 241(6) of the Labor Law by the

defendants, the plaintiff's decedent, RYAN L. JOHNSON. was proximately caused to be

severely injured, was rendered sick, sore, lame and disabled and suffered severe, personal

injuries, pain, suffering, mental anguish, pre-impact terror, fear of death and loss of enjoyment of

life up until in his death on May 1, 2002.

38.     Because of the foregoing, the plaintiff's decedent was obliged to and did

necessarily seek and obtain medical aid and attention and did incur medical and hospital

expenses therefore.

39.     That the limited liability provisions of CPLR 1601 et seq. do not apply to the

causes of action of the plaintiff because the exceptions to those provisions contained in CPLR

1602 are applicable.

40.     Because of the foregoing, the plaintiff's decedent has suffered damages in the

amount of THIRTY MILLION ($30,000,000) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR WRONGFUL DEATH UNDER
## §241(6) OF THE LABOR LAW

41.     The plaintiff repeats, reiterates and realleges each and every paragraph above with the same force and effect as if fully set forth herein at length.

42.     At all times hereinafter mentioned and at the time of the occurrences herein, the defendants, as lessees, general contractor, subcontractors and vendors of the aforedescribed premises, their agents, servants and employees, had certain duties imposed upon them by section 241(6) of the Labor Law, including but not limited to the requirement that all areas in which construction, renovation and/or demolition is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted so as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.

43.     On or about May 10, 2002, the plaintiff's decedent, RYAN L. JOHNSON, was in the course of his employment as a laborer at the aforesaid premises, and was engaged in construction, renovation and/or demolition work, at which time he was proximately caused to be crushed and killed by falling and collapsing floors thereat.

44.     The defendants, KMART, as lessee of the premises, H+M, as general contractor and agent , SIEMENS, as subcontractor, vendor, and agent and TORBECK, as subcontractor, vendor and agent,  and all of their agents, servants and employees, violated section 241(6) of the Labor Law, in failing and neglecting to keep and maintain the aforesaid construction, renovation and/or demolition site in accordance with the statute and regulations promulgated thereunder; in that they failed to provide the plaintiff with a safe place to  work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with a hazard- free hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a

height at a work site, nor was such equipment or apparatus secured and/or braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with a hazard-free hoist, scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to allow hazard-free movement or workers between floors, nor was such equipment or apparatus secured and/or braced so as to prevent the plaintiff from falling from same; provided an improperly installed hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site; provided and improperly installed scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to, allow hazard-free movement or workers between floors; provided an unsafe hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site; provided an unsafe hoist, scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to allow hazard-free movement or workers between floors; failed to provide the plaintiff with proper and approved safety devices to prevent plaintiff from falling from the metal decking of the warehouse; failed to provide the plaintiff with safety belts, safety ropes, safety harnesses, hardhats or other protective and/or safety devices; failed to provide the plaintiff with netting and/or other devices so as to prevent the plaintiff from falling from the third and/or fourth floors; failed to provide proper and adequate scaffolding properly installed, erected, equipped and maintained so as to allow safe movement by workers between floors and so as to prevent the plaintiff from falling from the third and/or fourth floors; failed to properly control, direct and/or supervise the installation or construction of the scaffolding, stairs, hoist, crane or derrick on the premises; violated the applicable provisions of the Labor Law of the State of New York and the Industrial Code of the State of New York;

failed to provide the plaintiff with proper safety devices so as to afford proper protection to the

plaintiff lawfully working thereat; violated the applicable provisions of the Occupational Safety

& Health Administration rules and regulation as they pertain to construction and/or demolition;

failed to inspect the work site and work areas on the date of the accident and prior thereto to see

that the work area contained proper and approved safety devices and working areas; failed to

insure that plaintiff and other workers lawfully upon the work site were properly trained in safety

procedures as required by the applicable statute(s) and code(s) as aforesaid and/or that the

personnel supervising the workers were so trained and/or failed to have present upon the work

site a person or person(s) so trained in proper safety procedures to supervise and/or instruct

workers working at the warehouse premises;  in failing to so construct, shore, equip, brace,

support, guard, arrange, conduct and operate all areas in which construction, renovation and/or

demolition work was being performed in an elevated area, so as to provide reasonable and

adequate protection and safety to the plaintiff's decedent; in failing to proceed with construction,

renovation and/or demolition work in an elevated worksite in a reasonably safe manner; in

failing to make adequate inspections; in failing to use and employ adequate safety personnel; in

failing to have and enforce adequate safety rules and regulations; in departing from accepted

standards and practices in the field of construction, renovation and/or demolition work; in

causing and permitting the plaintiff's decedent to be engaged in construction, renovation and/or

demolition in an unsafe and dangerous elevated workplace; in causing and permitting the

plaintiff to be engaged in construction, renovation and/or demolition, without adequate

assistance, and under dangerous circumstances; in causing and allowing the plaintiff to work in

an elevated worksite without proper protection; in failing to provide appropriate safety devices;

in causing and allowing plaintiff's decedent to work on elevated floors that were improperly

15

braced, scaffolded, supported and weak; in failing to provide and/or erect safety devices necessary to protect the plaintiff's decedent from an accident in an elevated worksite; in causing a gravity related accident;  in exposing plaintiff's decedent to danger and hazardous working conditions; in exposing plaintiff's decedent to danger and hazardous working conditions which were reasonably foreseeable under the circumstances; in failing to perform continuing inspections to detect hazards resulting from lack of railing and support; in causing and permitting the plaintiff to work in an elevated area where hazards existed resulting from lack of railing and support; in failing to eliminate the hazards where the plaintiff's decedent was suffered and permitted to work; in failing to have, use and employ necessary bracing, scaffolding, shoring and equipment; in failing to comply and in violating the following sections of the Industrial Code of the State of New York: §12 NYCRR 23-1.5 et seq, §12 NYCRR 23-1.7 et seq., §12 NYCRR 23-3.3 et seq., §12 NYCRR 23-1.8 et seq., §12 NYCRR 23-1.15 et seq, §12 NYCRR 23-1.16 et seq., §12 NYCRR 23-1.17 et seq.,§12 NYCRR 23-1.25 et seq., 23-1.32 et seq., §12 NYCRR 23-2.3 et seq., 23-5.1 et seq., §12 NYCRR 26-5.8 et seq., 23-6.1 et seq., §12 NYCRR 23-7.1 et seq.,§12 NYCRR 23-7.2 et seq., and in otherwise violating the statute and regulations promulgated thereunder.

45.     Due to the violations of section 241(6) of the Labor Law, and the negligence of the defendants, and each of the agents, servants and employees acting on its behalf, as aforesaid, the plaintiff's decedent, RYAN L. JOHNSON, was proximately caused to die on May 10, 2002.

46.     The decedent left him surviving his mother, the plaintiff BRENDA MIHALIC.

47.     Due to the wrongful death of the decedent as aforesaid, the plaintiff BRENDA MIHALIC, was caused to incur expenses arising therefrom, sustain economic damages and

pecuniary losses, and the loss of companionship, affection and services of her son,, RYAN L.
JOHNSON.

48.     The limited liability provisions of CPLR 1601 et seq. do not apply to the causes of
action of the plaintiff because the exceptions to those provisions contained in CPLR 1602 are
applicable.

49.     Because of the foregoing, the plaintiff, BRENDA MIHALIC, and the next of kin,
have been damaged in the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS.

**AS AND FOR A FOURTH CAUSE OF ACTION
FOR CONSCIOUS PAIN AND SUFFERING
UNDER §241(6) OF THE LABOR LAW**

50.     The plaintiff, repeats, reiterates and realleges each and every paragraph above
with the same force and effect as if fully set forth herein at length.

51.     That on or about May 10, 2002, the plaintiff's decedent, RYAN L. JOHNSON,
was in the course of his employment as a laborer at the aforesaid premises, and was engaged in
construction, renovation and/or demolition work, at which time he was proximately caused to
fall thirty feet to the floor.

52.     The defendants, KMART, as lessee of the premises, H+M, as general contractor
and agent , SIEMENS, as subcontractor, vendor, and agent and TORBECK, as subcontractor,
vendor and agent,  and all of their agents, servants and employees, violated section 241(6) of the
Labor Law, in failing and neglecting to keep and maintain the aforesaid construction, renovation
and/or demolition site in accordance with the statute and regulations promulgated thereunder; in
that they failed to provide the plaintiff with a safe place to  work; failed to provide the plaintiff
with a hazard-free work place; failed to provide the plaintiff with a hazard- free hoist,
scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a

17

height at a work site, nor was such equipment or apparatus secured and/or braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with a hazard-free hoist, scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to allow hazard-free movement or workers between floors, nor was such equipment or apparatus secured and/or braced so as to prevent the plaintiff from falling from same; provided an improperly installed hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site; provided and improperly installed scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to, allow hazard-free movement or workers between floors; provided an unsafe hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site; provided an unsafe hoist, scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to allow hazard-free movement or workers between floors; failed to provide the plaintiff with proper and approved safety devices to prevent plaintiff from falling from the metal decking of the warehouse; failed to provide the plaintiff with safety belts, safety ropes, safety harnesses, hardhats or other protective and/or safety devices; failed to provide the plaintiff with netting and/or other devices so as to prevent the plaintiff from falling from the third and/or fourth floors; failed to provide proper and adequate scaffolding properly installed, erected, equipped and maintained so as to allow safe movement by workers between floors and so as to prevent the plaintiff from falling from the third and/or fourth floors; failed to properly control, direct and/or supervise the installation or construction of the scaffolding, stairs, hoist, crane or derrick on the premises; violated the applicable provisions of the Labor Law of the State of New York and the Industrial Code of the State of New York;

failed to provide the plaintiff with proper safety devices so as to afford proper protection to the plaintiff lawfully working thereat; violated the applicable provisions of the Occupational Safety & Health Administration rules and regulation as they pertain to construction and/or demolition; failed to inspect the work site and work areas on the date of the accident and prior thereto to see that the work area contained proper and approved safety devices and working areas; failed to insure that plaintiff and other workers lawfully upon the work site were properly trained in safety procedures as required by the applicable statute(s) and code(s) as aforesaid and/or that the personnel supervising the workers were so trained and/or failed to have present upon the work site a person or person(s) so trained in proper safety procedures to supervise and/or instruct workers working at the warehouse premises;  in failing to so construct, shore, equip, brace, support, guard, arrange, conduct and operate all areas in which construction, renovation and/or demolition work was being performed in an elevated area, so as to provide reasonable and adequate protection and safety to the plaintiff's decedent; in failing to proceed with construction, renovation and/or demolition work in an elevated worksite in a reasonably safe manner; in failing to make adequate inspections; in failing to use and employ adequate safety personnel; in failing to have and enforce adequate safety rules and regulations; in departing from accepted standards and practices in the field of construction, renovation and/or demolition work; in causing and permitting the plaintiff's decedent to be engaged in construction, renovation and/or demolition in an unsafe and dangerous elevated workplace; in causing and permitting the plaintiff to be engaged in construction, renovation and/or demolition, without adequate assistance, and under dangerous circumstances; in causing and allowing the plaintiff to work in an elevated worksite without proper protection; in failing to provide appropriate safety devices; in causing and allowing plaintiff's decedent to work on elevated floors that were improperly

19

braced, scaffolded, supported and weak; in failing to provide and/or erect safety devices necessary to protect the plaintiff's decedent from an accident in an elevated worksite; in causing a gravity related accident;  in exposing plaintiff's decedent to danger and hazardous working conditions; in exposing plaintiff's decedent to danger and hazardous working conditions which were reasonably foreseeable under the circumstances; in failing to perform continuing inspections to detect hazards resulting from lack of railing and support; in causing and permitting the plaintiff to work in an elevated area where hazards existed resulting from lack of railing and support; in failing to eliminate the hazards where the plaintiff's decedent was suffered and permitted to work; in failing to have, use and employ necessary bracing, scaffolding, shoring and equipment; in failing to comply and in violating the following sections of the Industrial Code of the State of New York: §12 NYCRR 23-1.5 et seq, §12 NYCRR 23-1.7 et seq., §12 NYCRR 23-3.3 et seq., §12 NYCRR 23-1.8 et seq., §12 NYCRR 23-1.15 et seq, §12 NYCRR 23-1.16 et seq., §12 NYCRR 23-1.17 et seq.,§12 NYCRR 23-1.25 et seq., 23-1.32 et seq., §12 NYCRR 23-2.3 et seq., 23-5.1 et seq., §12 NYCRR 26-5.8 et seq., 23-6.1 et seq., §12 NYCRR 23-7.1 et seq.,§12 NYCRR 23-7.2 et seq., and in otherwise violating the statute and regulations promulgated thereunder.

53.     Due to the aforesaid violations of section 241(6) of the Labor Law by the defendants, the plaintiff's decedent,  RYAN L. JOHNSON, was proximately caused to be severely injured, was rendered sick, sore, lame and disabled and suffered severe, personal injuries, pain, suffering, mental anguish, pre-impact terror, fear of death and loss of enjoyment of life up until in his death on May 10, 2002.

54.     Because of the foregoing, the plaintiff's decedent was obliged to and did necessarily seek and obtain medical aid and attention and did incur medical and hospital expenses therefore.

55.     That the limited liability provisions of CPLR 1601 et seq. do not apply to the causes of action of the plaintiff because the exceptions to those provisions contained in CPLR 1602 are applicable.

56.     Because of the foregoing, the plaintiff's decedent has suffered damages in the amount of THIRTY MILLION ($30,000,000) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR WRONGFUL DEATH
## UNDER §200 OF THE LABOR LAW

57.     The plaintiff, repeats, reiterates and realleges each and every paragraph above with the same force and effect as if fully set forth herein at length.

58.     At all times hereinafter mentioned and at the time of the occurrence herein, the defendants, as lessees, general contractor, subcontractors and vendors of the aforedescribed premises, exercised supervision and control over the work being performed at the aforesaid premises, including the construction, renovation and/or demolition work being performed by the WBD., its agents, servants and employees, including the plaintiff's decedent, RYAN L. JOHNSON.

59.     At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, as lessees, general contractor, subcontractors and vendors, as owners of the aforedescribed premises, had a duty pursuant to section 200 of the Labor Law, and a common law duty to provide a safe place to work at the aforesaid building site, and to act with reasonable care so as to prevent injury to persons performing labor at the aforesaid premises.

60.     On or about May 10, 2002, the plaintiff's decedent, RYAN L. JOHNSON, was in the course of his employment as a laborer at the aforesaid premises, and was engaged in construction, renovation and/or demolition work, at which time he was proximately caused to fall thirty feet to the floor.

61.     The defendants, KMART, as lessee of the aforedescribed premises, H+M, as general contractor and agent , SIEMENS, as subcontractor, vendor, and agent and TORBECK, as subcontractor, vendor and agent, and all of their agents, servants and employees, violated section 200 of the Labor Law, in failing and neglecting to keep and maintain the aforesaid construction, renovation and/or demolition site in accordance with the statute and regulations promulgated thereunder; in that they failed to provide the plaintiff with a safe place to  work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with a hazard- free hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site, nor was such equipment or apparatus secured and/or braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with a hazard-free hoist, scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to allow hazard-free movement or workers between floors, nor was such equipment or apparatus secured and/or braced so as to prevent the plaintiff from falling from same; provided an improperly installed hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site; provided and improperly installed scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to, allow hazard-free movement or workers between floors; provided an unsafe hoist, scaffolding, derrick, crane, cable or other apparatus to raise, lower or suspend materials from a height at a work site;

provided an unsafe hoist, scaffolding, derrick, crane, cable, stairs, elevator or other apparatus to raise, lower or suspend persons from a height at a work site and/or to allow hazard-free movement or workers between floors; failed to provide the plaintiff with proper and approved safety devices to prevent plaintiff from falling from the metal decking of the warehouse; failed to provide the plaintiff with safety belts, safety ropes, safety harnesses, hardhats or other protective and/or safety devices; failed to provide the plaintiff with netting and/or other devices so as to prevent the plaintiff from falling from the third and/or fourth floors; failed to provide proper and adequate scaffolding properly installed, erected, equipped and maintained so as to allow safe movement by workers between floors and so as to prevent the plaintiff from falling from the third and/or fourth floors; failed to properly control, direct and/or supervise the installation or construction of the scaffolding, stairs, hoist, crane or derrick on the premises; violated the applicable provisions of the Labor Law of the State of New York and the Industrial Code of the State of New York; failed to provide the plaintiff with proper safety devices so as to afford proper protection to the plaintiff lawfully working thereat; violated the applicable provisions of the Occupational Safety & Health Administration rules and regulation as they pertain to construction and/or demolition; failed to inspect the work site and work areas on the date of the accident and prior thereto to see that the work area contained proper and approved safety devices and working areas; failed to insure that plaintiff and other workers lawfully upon the work site were properly trained in safety procedures as required by the applicable statute(s) and code(s) as aforesaid and/or that the personnel supervising the workers were so trained and/or failed to have present upon the work site a person or person(s) so trained in proper safety procedures to supervise and/or instruct workers working at the warehouse premises;  in failing to so construct, shore, equip, brace, support, guard, arrange, conduct and operate all areas in which construction,